# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA HOUSTON, et al., <br><br>　　　　　　　　　Plaintiffs, <br>　vs. <br><br>GOVERNING BOARD OF THE ENCINITAS UNION SCHOOL DISTRICT, etc., et al., <br><br>　　　　　　　　　Defendants. | CASE NO. 04-CV-0759 WQH (CAB) <br><br>**ORDER DENYING PLAINTIFFS' REPLACEMENT EX PARTE APPLICATION TO STAY (DOC. NO. 173), GRANTING UOP DEFENDANTS' MOTION TO DISMISS (DOC. NO. 171), AND TERMINATING CASE** |

HAYES, JUDGE:

## I.  Introduction

Presently before the Court are Plaintiffs' Replacement Ex Parte Application to Stay Proceedings Pending Circuit Decisions in #04-55708 (doc. no. 173), and the Motion to Dismiss filed by Defendants University of the Pacific McGeorge School of Law, Glenn A. Fait, Trevor Skarda, California Special Education Hearings Office, Institute for Administrative Justice, and Amy Prewitt (the "UOP Defendants") (doc. no. 171).  The Court finds these motions suitable for decision on the papers pursuant to Local Civil Rule 7.1(d)(1).

## II.  Ex Parte Application to Stay Proceedings

Plaintiffs move the Court to stay the instant matter on the grounds that they have filed an appeal in a separate, closed matter, Case No. 00-CV-2475. Plaintiffs attach a "Consolidated Appellate

Brief," which they assert constitutes an appeal of Case No. 00-CV-2475, as well as a supposedly "related matter involving different parties, Case No. 04-CV-0438. Plaintiffs state that in their appellate brief, Plaintiffs ask the Ninth Circuit "to open that appeal to this matter USDC 04-CV-0759, so the Defendants in this matter can engage." (Replacement Ex Parte App. To Stay 1-2.) Plaintiffs further assert that the instant matter "is also the amended complaint in USDC 00-CV-2475," and that Plaintiffs are "asking the Circuit to vacate all orders in *this* case which were issued by J. Hayes on grounds at 9th Circuit case *Canseco v. U.S.*" (*Id.* 2.) "Thus," Plaintiffs state, "it is fair and proper to ask the Circuit [to] open the appeal to this case. *It is also proper to request a stay in this case in as it is effectively on appeal in #04-55708.*" (*Id.* (emphasis in original).)

There has been no appeal taken in this case. Plaintiffs' desire that the Ninth Circuit "open" the appeal of two separate matters to include this case, is not a sufficient basis for the Court to enter a stay. The Motion to Stay (doc. no. 173) is therefore **DENIED**.

### III.   Motion to Dismiss

The UOP Defendants move to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). The UOP Defendants contend that this case should be dismissed based on the doctrine of collateral estoppel, in that Plaintiffs' lawsuit seeks to litigate issues that are identical to those raised in the previous lawsuit, Case No. 00-CV-2475, which were finally adjudicated. In that case, the Court dismissed Plaintiffs' IDEA claims because Plaintiffs had failed to exhaust administrative remedies, and the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. As the UOP Defendants correctly assert, "[t]he plaintiffs, even with the addition of Jonas Houston, assert no new causes of action, raise no new issues or make any new arguments that their complaint supports with any understandable facts or coherent explanations as to how any applicable laws entitle them to a remedy from the UOP Defendants." (Mem. in support of Mot. to Dismiss 9.) In addition, Defendants correctly point out that Plaintiffs have not alleged any due process hearings that became final since the Court's ruling in Case No. 00-CV-2475. There is no showing that Plaintiffs have exhausted their administrative remedies since the adjudication of Case No. 00-CV-2475, and the Court agrees that Plaintiffs are collaterally estopped from re-litigating this issue. Indeed, in the Court's August 2, 2005 Order in the instant

1  matter, the Court already found that collateral estoppel precludes re-litigation of the issues decided
2  in Case No. 00-CV-2475 as to other Defendants, who have now been dismissed. The Court now
3  concludes that the doctrine of collateral estoppel, and failure to exhaust administrative remedies
4  likewise bar Plaintiffs' claims against the UOP Defendants, who are the only remaining defendants
5  in this lawsuit. Accordingly, the UOP Defendants' Motion to Dismiss (doc. no. 171) is **GRANTED**.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Ex Parte Application to Stay (doc. no. 173) is **DENIED**, and the UOP Defendants' Motion to Dismiss (doc. no. 171) is **GRANTED**. The Clerk is **ORDERED** to terminate this case, and enter judgment in favor of all Defendants and against Plaintiffs.

**IT IS SO ORDERED**.

DATED: December 19, 2006

**WILLIAM Q. HAYES**
United States District Judge